## Lewis v. Commonwealth.

*Criminal law and procedure — Sunday baseball — Fines—Costs—Restitution — Joint defendants — Several prosecutions — Acts of April 22, 1794, April 26, 1855, and March 10, 1905.*

1. So long as the Act of April 22, 1794, 3 Sm. Laws, 177, is upon our statute books, Sunday baseball cannot be played in Pennsylvania without violating that act.

2. The Act of April 26, 1855, P. L. 321, amending the Act of 1794 with reference to the County of Allegheny, provides that a defendant convicted of violating that act "shall forfeit and pay the sum of $25, with costs." This undoubtedly means a fine not to exceed $25, but it does mean the imposition of costs without a fine, and it is error to penalize such a defendant only by the imposition of the costs of the case.

3. Where nine defendants are arrested for participation in the same game of baseball, there should be but one information and warrant charging all those who participated with the offence. If, instead of one such proceeding, there were nine separate informations and warrants, without any explanation for such disregard of the Act of March 10, 1905, P. L. 35, the judgment of the justice of the peace, imposing fines upon the several defendants, will be reversed and restitution ordered.

*Certiorari* to justice of the peace. C. P. Allegheny Co., July T., 1922, No. 2125.

Before Macfarlane, Reid and Stone, JJ.

*McIntosh & Garrahan,* for plaintiff; *William H. Pratt,* for defendant.

STONE, J., Nov. 25, 1922.—On May 22, 1922, an information was sworn to before James B. Sumney, justice of the peace of Carnegie, Pennsylvania, charging William Lewis with the violation of the Act of April 22, 1794, 3 Sm. Laws, 177.

The particular charge as laid in the return by the magistrate is that "William Lewis, on the Lord's Day, commonly called Sunday, did unlawfully use and practice a certain unlawful game, sport and diversion by them then and there engaging in and playing a certain game, commonly called baseball, on the Lord's Day, tending to a breach of the public peace and to the injury of all well-disposed persons."

A warrant was issued, the defendant apprehended and the hearing, as fixed, was held on May 27, 1922. On that day, witnesses were sworn and testified as to the charges made as stated. That defendant plead guilty. After hearing the cause, the justice of the peace fined the defendant $7.50, the costs of the suit. The payment of the costs, the fine, was made under protest by the defendants. Subsequently a petition for *certiorari* was filed in this court at the above number and term, which was duly issued.

At the time the information was made against Mr. Lewis, the present defendant, eight other informations were made against eight other defendants. The hearings on all of the nine cases were held at the same time, with the same result in each and every case with the exception of one. The difference in the one case is in the fine imposed. Mr. John Knight was fined $25 and costs. As shown by the return, the costs in each case, as itemized, did not amount to $7.50, but did amount to $8.63. In the one case, that of Mr. Knight, the costs were $12.09. The costs, however, in his case were reduced, for he paid his fine and the costs under protest, amounting to $33.75.

The act of assembly which it is claimed was violated (the Act of April 22, 1794, 3 Sm. Laws, 177) is as follows:

"Section 1. Be it enacted . . . that from and after the 1st day of August next, if any person shall do or perform any worldly employment or business whatsoever on the Lord's Day, commonly called Sunday, works of necessity and charity only excepted, or shall use or practice any unlawful game, hunting, shooting, sport or diversion whatsoever on the same day, and be convicted thereof, every such person so offending shall, for every such offence, forfeit and pay $4, to be levied by distress. . . ."

So far as Allegheny County is concerned, this section was amended by the legislature by the Act of April 26, 1855, P. L. 321, by section 3 thereof, which provides:

"Section 3. That any person violating the provisions of the 1st section of said act for the suppression of vice and immorality, and of unlawful gaming, and to restrain disorderly sports and dissipation, approved April 22, 1794, within the County of Allegheny, being summarily convicted thereof before any mayor, burgess, justice of the peace or alderman, shall forfeit and pay the sum of $25, with costs, and in default of payment, or of goods to levy upon to satisfy the same, shall be committed to the county prison for not less than ten nor more than thirty days."

It is quite apparent, although the information contained in the return does not so charge, that a number of people were engaged in playing this game of baseball.

The question of the legality of playing basball on the Sabbath Day has been determined heretofore in the case of Com. v. Coleman, 60 Pa. Superior Ct. 380.

In the opinion by the present President Judge of that court, he quotes with approval the statement of the court below, which was: "So long as the Act of 1794 is upon our statute books, the sport or diversion known as baseball cannot be played in Pennsylvania without violating that act of assembly."

The reference was to playing baseball on the Sabbath Day. The act, therefore, of this defendant and that of others similarly charged was unlawful.

Other matters, however, have been called to our attention.

Section 3 of the Act of April 26, 1855, P. L. 321, provides, as quoted, that the defendant "shall forfeit and pay the sum of $25, with costs." This undoubtedly means a fine not to exceed $25, but it does mean a fine with costs. This defendant was fined $7.50, the costs of this suit. He was not fined the costs, for they amount to $8.63, but it was apparently the intention of the justice of the peace who heard the case to reduce the costs to $7.50 and to impose no specific fine. This, to our mind, was error and not in conformity with the act, and applies similarly to all other cases previously referred to, excepting the one against Mr. Knight.

By the Act of March 10, 1905, P. L. 35, it is unlawful "for any person or officer of any township, ward, borough, city or county within this Commonwealth, in instituting and prosecuting criminal cases, to duplicate any return,

3 D. & C.

complaint, information, indictment, warrant, subpœna or other writ against any person or persons charged with the commission of any criminal offence or offences committed at one and the same time or growing out of one and the same transaction, and when one return, one complaint, one information, one warrant, one subpœna or one other writ can be legally made to serve and promote the due administration of justice."

All of those who participated in the game of baseball at Glendale on May 21, 1922, were equally guilty. It naturally took more than one individual to play the game of baseball. This being the case, it naturally follows that if an information was to be made against those who participated, there should have been but one information and one warrant charging all of those who participated with the offence, instead of making nine informations and nine warrants. There is no explanation in the return as to why the justice of the peace deliberately violated so much of the Act of 1905 as has been previously herein quoted. The assumption is, of course, that this act of the justice of the peace was deliberately done in order to multiply by nine the sums which would be paid to him on account of costs. On account, therefore, of the fact that the justice of the peace has made nine cases where there should be but one, and the further fact that instead of imposing a fine on each defendant, not to exceed the sum of $25 and costs [he imposed $7.50, being a reduction of costs of suit], the judgment of the justice of the peace must be reversed and restitution ordered.

From Edwin L. Mattern, Pittsburgh, Pa.